**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

THE COUNTY OF SUMMIT, OHIO; SUMMIT
COUNTY COMBINED GENERAL HEALTH
DISTRICT; CITY OF AKRON, OHIO; CITY OF
BARBERTON, OHIO; VILLAGE OF BOSTON
HEIGHTS, OHIO; BOSTON TOWNSHIP, OHIO;
THE VILLAGE OF CLINTON, OHIO; COPLEY
TOWNSHIP, OHIO; COVENTRY TOWNSHIP,
OHIO; THE CITY OF CUYAHOGA FALLS,
OHIO; THE CITY OF FAIRLAWN, OHIO; THE
CITY OF GREEN, OHIO; THE VILLAGE OF
LAKEMORE, OHIO; THE VILLAGE OF
MOGADORE, OHIO; THE CITY OF MUNROE
FALLS, OHIO; THE CITY OF NORTON, OHIO;
THE VILLAGE OF PENINSULA, OHIO; THE
VILLAGE OF RICHFIELD, OHIO; VILLAGE OF
SILVER LAKE, OHIO; SPRINGFIELD
TOWNSHIP, OHIO; THE CITY OF STOW, OHIO;
CITY OF TALLMADGE, OHIO; and VALLEY
FIRE DISTRICT,

    Plaintiffs,

  v.

PURDUE PHARMA L.P.; PURDUE PHARMA
INC.; THE PURDUE FREDERICK  COMPANY,
INC.; TEVA PHARMACEUTICALS USA, INC.;
CEPHALON, INC.; JOHNSON & JOHNSON;
JANSSEN PHARMACEUTICALS, INC.;
ORTHO-MCNEIL-JANSSEN
PHARMACEUTICALS, INC. N/K/A JANSSEN
PHARMACEUTICALS, INC.; JANSSEN
PHARMACEUTICA, INC. N/K/A JANSSEN
PHARMACEUTICALS, INC.; ENDO HEALTH
SOLUTIONS INC.; ENDO
PHARMACEUTICALS INC.; INSYS
THERAPEUTICS, INC.; CARDINAL HEALTH,
INC.; MCKESSON CORPORATION;
AMERISOURCEBERGEN DRUG
CORPORATION; and JANE DOES 1-50,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 5:18-cv-00170

Action Filed:  December 20, 2017
Action Served: December 26, 2017

**DEFENDANTS ENDO HEALTH
SOLUTIONS INC. AND ENDO
PHARMACEUTICALS INC.'S
NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. (collectively, "Endo") hereby give notice of removal of this action, captioned *The County of Summit et al. v. Purdue Pharma L.P. et al.*, bearing case number CV-2017-12-5235, from the Court of Common Pleas for Summit County, Ohio, to the United States District Court for the Northern District of Ohio.   Pursuant to 28 U.S.C. § 1446(a), Endo provides the following statement of the grounds for removal:

## BACKGROUND

1.     This action is one of many opioid-related lawsuits filed on behalf of Ohio municipalities in Ohio state court asserting the same basic claims.   These lawsuits allege that manufacturers of FDA-approved prescription opioid medications unlawfully promoted and marketed the medications to healthcare professionals by misrepresenting their risks.   These suits also include separate claims against distributors of opioid medications resting on fundamentally distinct conduct having nothing to do with promotion of the products or misrepresentations regarding their risks.   The claims against the distributors, rather, center on an alleged failure to report suspicious orders of opioid products to authorities.   While the claims against manufacturers, on the one hand, and distributors, on the other, are materially distinct, there is a straightforward reason that plaintiffs in these cases continue to lump these disparate claims together:   to try to defeat diversity jurisdiction.   None of the manufacturers are Ohio citizens, but some of the distributors are.

2.     Federal jurisdiction cannot be so easily evaded.   Where, as here, a plaintiff sues diverse defendants and tacks on materially distinct claims against one or more non-diverse defendants in an effort to destroy diversity, it is proper for courts to ignore the citizenship of the non-diverse defendants, sever them, and retain diversity jurisdiction over the diverse parties.

3.      Thus, the basis for removal here is the same as in the many similar opioid-related cases previously removed to this Court:   there is complete diversity of citizenship between the plaintiffs and the manufacturers.   The citizenship of the distributors, some of which are non-diverse, should be ignored because they are subject to severance under Rule 21 (because they are unnecessary and dispensable parties under Rule 19 as well as misjoined under Rule 20) and the procedural misjoinder doctrine.   *See, e.g.*, *City of Parma v. Purdue Pharma L.P. et al.*, No. 1:17-cv-01872-DAP (N.D. Ohio), Doc. 1 (Not. of Removal) & Doc. 42 (Opp'n to Remand Mot.).[1]

4.      Importantly, moreover, on December 5, 2017, the Judicial Panel on Multidistrict Litigation created a Multidistrict Litigation ("MDL") in this Court that would include this case and the many others like it, *i.e.*, cases in which "cities, counties and states . . . allege that: (1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed . . . these drugs to physicians, and/or (2) distributors failed to monitor . . . and report suspicious orders of prescription opiates."   *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. 328 (Dec. 5, 2017 Transfer Order) (attached as **Exhibit 1**).   Many similar opioid-related cases raising similar removal issues have already been transferred to the MDL, and more will surely follow.

---

[1] *See also City of Lorain v. Purdue Pharma L.P., et al.*, No. 1:17-cv-01639-DAP (N.D. Ohio), Doc. 1 (Not. of Removal) & Doc. 34 (Opp'n to Remand Mot.); *County of Cuyahoga v. Purdue Pharma L.P., et al.*, No. 1:17-cv-02482-DAP (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Toledo v. Purdue Pharma L.P., et al.*, No. 3:17-cv-02516-JJH (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Lake v. Purdue Pharma L.P., et al.*, No. 1:18-cv-00089 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Ashtabula v. Purdue Pharma L.P., et al.*, No. 1:18-cv-0100 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Lorain v. Purdue Pharma L.P., et al.*, No. 1:18-cv-00145 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Trumbull v. Purdue Pharma L.P., et al.*, No. 4:18-cv-00147 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Elyria v. Purdue Pharma L.P., et al.*, No. 1:18-cv-00017 (N.D. Ohio), Doc. 1 (Not. of Removal); *Richland Cty. Children's Servs. v. Purdue Pharma L.P., et al.*, No. 1:17-cv-02185-DAP (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Jefferson v. Purdue Pharma L.P. et al.*, No. 2:18-cv-37 (S.D. Ohio), Doc. 1 (Not. of Removal); *City of Dayton v. Purdue Pharma L.P., et al.*, No. 3:17-cv-00229-TMR (S.D. Ohio), Doc. 1 (Not. of Removal) & Doc. 21 (Opp'n to Remand Mot.).

5.      On December 20, 2017, Plaintiffs filed this opioid-related lawsuit in the Court of Common Pleas for Summit County, Ohio.   As usual, the Complaint (attached hereto, with process papers served upon Endo, as **Exhibit 2**) asserts claims against the following defendants, as well as unnamed, unidentified Jane Doe defendants:

a.      "Manufacturer Defendants" — Endo Pharmaceuticals Inc.; Endo Health Solutions Inc.; Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; and Insys Therapeutics, Inc.

b.      "Distributor Defendants" — Cardinal Health, Inc. ("Cardinal"); McKesson Corporation; and AmerisourceBergen Drug Corporation.

6.      Like several cases previously removed to this Court and transferred to the MDL, the thrust of this Complaint is that the Manufacturer Defendants engaged in a marketing and promotional campaign based on misrepresentations about the risks of FDA-approved prescription opioid medications.   (Compl. ¶¶ 6-10, 71-197.)   Plaintiffs allege that, as part of this campaign, the Manufacturer Defendants utilized "key opinion leaders," professional medical organizations, and sales representatives to promote the Manufacturer Defendants' opioid products to healthcare professionals.   (*Id*. ¶¶ 71-72, 75-76, 109-114.)   According to Plaintiffs, the Manufacturer Defendants' alleged conduct "created the mass market for prescription opioids" (*id*. ¶ 10) and "prompted Summit County health care providers to prescribe, patients to take, and payors to cover opioids for the treatment of chronic pain" (*id*. ¶ 249).   All of the Manufacturer Defendants are citizens of states or foreign states other than Ohio.

7.      Unlike the allegations against the Manufacturer Defendants, none of Plaintiffs'

allegations against the Distributor Defendants relate to purported misrepresentations in marketing or promoting opioid medications.   Instead, Plaintiffs allege that the Distributor Defendants violated their duty to "detect, investigate, refuse to fill, and report suspicious orders of opioids." (*Id*. ¶ 201.)   Plaintiffs further allege that "[b]y continuing to fill and failing to report suspicious orders of opioids," the Distributor Defendants "enabled an oversupply of opioids[.]"   (*Id*. ¶ 263.) One Distributor Defendant, Cardinal, is an Ohio citizen.   (*Id*. ¶ 57.)   The other Distributor Defendants are citizens of states other than Ohio.   (*Id*. ¶¶ 58, 60.)

8.      The Complaint asserts eight causes of action: (1) public nuisance (brought by all Plaintiffs against all Defendants); (2) Ohio Deceptive Trade Practices Act (brought by all Plaintiffs against the Manufacturer Defendants); (3) Ohio Consumer Sales Practices Act (brought by the City of Akron against the Manufacturer Defendants); (4) "negligence/negligence per se/gross negligence" (brought by all Plaintiffs against all Defendants except Insys); (5) "fraud and deceit or negligent misrepresentation" (brought by the City of Akron against all Manufacturer Defendants); (6) unjust enrichment (brought by the City of Akron against the Manufacturer Defendants); (7) Ohio Corrupt Practices Act (brought by all Plaintiffs against all Defendants); and (8) injury through criminal acts (brought by all Plaintiffs against all Defendants).   (*Id*. ¶¶ 293-434.)

9.      Endo Health Solutions Inc. received the Complaint through service on December 26, 2017, and Endo Pharmaceuticals Inc. received the Complaint through service on December 27, 2017.   Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Endo is attached hereto as **Exhibit 2**.   A copy of the state court docket and all documents filed in the state court action (other than the Complaint) is attached hereto as **Exhibit 3**.

### VENUE AND JURISDICTION

10.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 115, 1391, 1441(a), and

1446(a) because the Court of Common Pleas for Summit County, Ohio, where the Complaint was filed, is a state court within the Northern District of Ohio.

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiffs and all properly joined defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

# I.     THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFFS AND THE MANUFACTURER DEFENDANTS

12.     There is complete diversity of citizenship here because Plaintiffs are all Ohio citizens and all of the Manufacturer Defendants are citizens of states or foreign states other than Ohio, *see* Part I.A *infra*; the citizenship of Doe Defendants is ignored for purposes of diversity jurisdiction, Part I.B *infra*; and the citizenship of the Distributor Defendants (one of which is non-diverse) should be ignored for purposes of diversity jurisdiction, *see* Part I.C *infra*.   This is because the Distributor Defendants are subject to severance under Federal Rule of Civil Procedure 21 and the procedural misjoinder doctrine.[2]

## A.     Plaintiffs Are Diverse from the Manufacturer Defendants

### 1.  Plaintiffs Are Citizens of Ohio

13.     Political subdivisions of a state are citizens of that state for purposes of diversity jurisdiction.  *See Moor v. Alameda Cty.*, 411 U.S. 693, 719-21 (1973); *Brown v. Marshall Cty.*, 394 F.2d 498, 500 (6th Cir. 1968); *Herold v. ASII, Inc.*, No. 1:11-CV-1690, 2012 WL 243303, at *1 (N.D. Ohio Jan. 23, 2012).   Applying this principle, all Plaintiffs are citizens of Ohio.

14.     The County of Summit is a county within the State of Ohio.   (Compl. ¶ 22.)

---

[2] Though only one Distributor Defendant (Cardinal) is non-diverse, the Court should sever all of the Distributor Defendants because of the common factual allegations underlying the claims against those defendants.

15.     The Summit County Combined General Health District is a combined general
health district organized under the laws of Ohio, with its primary location in Summit County.   (*Id.*
¶¶ 23-24.)

16.     The City of Akron is a chartered municipality within Summit County.   (*Id.* ¶ 25.)

17.     The City of Barberton is a municipality within Summit County.   (*Id.* ¶ 26.)

18.     The Village of Boston Heights is a municipality within Summit County.   (*Id.*
¶ 27.)

19.     Boston Township is a township within Summit County.   (*Id.* ¶ 28.)

20.     The Village of Clinton is a municipality within Summit County.   (*Id.* ¶ 29.)

21.     Copley Township is a township within Summit County.   (*Id.* ¶ 30.)

22.     Coventry Township is a township within Summit County.   (*Id.* ¶ 31.)

23.     The City of Cuyahoga Falls is a municipality within Summit County.   (*Id.* ¶ 32.)

24.     The City of Fairlawn is a municipality within Summit County.   (*Id.* ¶ 33.)

25.     The City of Green is a municipality within Summit County.   (*Id.* ¶ 34.)

26.     The Village of Lakemore is a municipality within Summit County.   (*Id.* ¶ 35.)

27.     The Village of Mogadore is a municipality within Summit County.   (*Id.* ¶ 36.)

28.     The City of Munroe Falls is a municipality within Summit County.   (*Id.* ¶ 37.)

29.     The City of Norton is a municipality within Summit County.   (*Id.* ¶ 38.)

30.     The Village of Peninsula is a municipality within Summit County.   (*Id.* ¶ 39.)

31.     The Village of Richfield is a municipality within Summit County.   (*Id.* ¶ 40.)

32.     The Village of Silver Lake is a municipality within Summit County.   (*Id.* ¶ 41.)

33.     Springfield Township is a township within Summit County.   (*Id.* ¶ 42.)

34.     The City of Stow is a municipality within Summit County.   (*Id.* ¶ 43.)

35.     The City of Tallmadge is a municipality within Summit County.   (*Id.* ¶ 44.)

36.     Valley Fire District is a joint fire district within Summit County.   (*Id.* ¶ 46.)

37.     Accordingly, all Plaintiffs are citizens of Ohio.

### 2.   None of the Manufacturer Defendants Is a Citizen of Ohio

38.     For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."   28 U.S.C. § 1332(c)(1).   A partnership is a citizen of every state in which its partners are citizens.   *See Americold Realty Tr. v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016); *Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005).

39.     Applying these principles, none of the Manufacturer Defendants is a citizen of Ohio.

40.     Defendant Endo Health Solutions Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.   (Compl. ¶ 54.)

41.     Defendant Endo Pharmaceuticals Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.   (*Id.*)

42.     Defendant Purdue Pharma L.P. is a limited partnership organized under the laws of Delaware, none of whose partners are citizens of Ohio.   (*See id.* ¶ 48.)   Its partners are Purdue Pharma Inc., a citizen of New York and Connecticut, and Purdue Holdings L.P.   Purdue Holdings L.P.'s partners are Purdue Pharma Inc., a citizen of New York and Connecticut; PLP Associates Holdings Inc., a citizen of New York and Connecticut; and PLP Associates Holdings L.P.   PLP Associates Holdings L.P.'s partners are PLP Associates Holdings Inc., a citizen of New York and Connecticut; and BR Holdings Associates L.P.   BR Holdings Associates L.P.'s partners are BR Holdings Associates Inc., a citizen of New York and Connecticut; Beacon Company; and Rosebay Medical Company L.P.   Beacon Company's partners are Stanhope Gate Corp., a citizen of the

British Virgin Islands and Jersey, Channel Islands; and Heatheridge Trust Company Limited, a
citizen of Jersey, Channel Islands.   Rosebay Medical Company L.P.'s partners are Rosebay
Medical Company, Inc., a citizen of Delaware and Connecticut; R. Sackler, a citizen of Texas; and
J. Sackler, a citizen of Connecticut.

43.     Defendant Purdue Pharma Inc. is a corporation organized under the laws of
Delaware with its principal place of business in Stamford, Connecticut.   (*Id.*)

44.     Defendant The Purdue Frederick Company Inc. is a corporation organized under
the laws of New York with its principal place of business in Stamford, Connecticut.   (*Id.*)

45.     Defendant Teva Pharmaceuticals USA, Inc. is a corporation organized under the
laws of Delaware with its principal place of business in North Wales, Pennsylvania.   (*Id.* ¶ 50.)

46.     Defendant Cephalon, Inc. is a corporation organized under the laws of Delaware
with its principal place of business in Frazer, Pennsylvania.   (*Id.*)

47.     Defendant Johnson & Johnson is a corporation organized under the laws of New
Jersey with its principal place of business in New Brunswick, New Jersey.   (*Id.* ¶ 52.)

48.     Defendant Janssen Pharmaceuticals, Inc. is a corporation organized under the laws
of Pennsylvania with its principal place of business in Titusville, New Jersey.   (*Id.*)

49.     Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen
Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal
place of business in Titusville, New Jersey.   (*Id.*)

50.     Defendant Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc. is a
corporation organized under the laws of Pennsylvania with its principal place of business in
Titusville, New Jersey.   (*Id.*)

51.     Defendant Insys Therapeutics, Inc. is a corporation organized under the laws of

Delaware with its principal place of business in Chandler, Arizona.   (*Id.* ¶ 56.)

52.     Accordingly, all of the Manufacturer Defendants are citizens of a state or foreign state other than Ohio.

**B.     The Citizenship of Doe Defendants Should Be Ignored**

53.     The citizenship of the unnamed, unidentified Jane Doe Defendants should be ignored for purposes of determining whether this action is removable based on diversity of citizenship.   *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity of citizenship], the citizenship of defendants sued under fictitious names shall be disregarded.").

**C.     The Citizenship of the Distributor Defendants Should Be Ignored**

**1.     The Distributor Defendants Should Be Severed Under Rule 21**[3]

54.     Even where the face of a complaint shows a lack of complete diversity, removal based on diversity jurisdiction is nonetheless proper if the claims against the non-diverse defendants are severable under Federal Rule of Civil Procedure 21.   Defendants are severable under Rule 21 if they are either unnecessary or dispensable under Rule 19, or if the claims against them are sufficiently distinct from claims against other defendants under Rule 20.   Here, the Distributor Defendants should be severed on both grounds, each of which preserves diversity jurisdiction as to the Manufacturer Defendants.

55.     As to Rule 19, this Court and others have repeatedly severed non-diverse defendants and denied remand as to diverse defendants where, as here, the non-diverse defendants were unnecessary and dispensable, and the claims against the non-diverse defendants rested on

---

[3] Substantially similar severance arguments have been made in many prior opioid-related cases removed to federal courts in Ohio.   *See supra* n.1 (collecting cases).   A streamlined version of this argument is presented in this Notice.

materially distinct factual allegations.   *See, e.g.*, *Joseph v. Baxter Int'l, Inc.*, 614 F. Supp. 2d 868, 872-74 (N.D. Ohio 2009); *DeGidio v. Centocor, Inc.*, No. 3:09CV721, 2009 WL 1867676, at *3-4 (N.D. Ohio July 8, 2009); *Kelly v. Aultman Physician Ctr.*, No. 5:13CV0994, 2013 WL 2358583, at *3 (N.D. Ohio May 29, 2013); *Mayfield v. London Women's Care, PLLC*, No. 15-19-DLB, 2015 WL 3440492, at *3-5 (E.D. Ky. May 28, 2015); *McElroy v. Hamilton Cty. Bd. of Educ.*, No. 1:12-cv-297, 2012 WL 12871469, at *2-3 (E.D. Tenn. Dec. 20, 2012); *Sullivan v. Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 705-07 (D. Md. 2015); *Cooke-Bates v. Bayer Corp.*, No. 3:10-cv-261, 2010 WL 3984830, at *4 (E.D. Va. Oct. 8, 2010).

56.     Severance under these circumstances is consistent with the settled principle that alleged joint tortfeasors like the Distributor Defendants are unnecessary parties under Rule 19 as a matter of law.   *E.g.*, *Boggs v. Landmark 4 LLC*, No. 1:12 CV 614, 2012 WL 3485288, at *3 (N.D. Ohio Aug. 13, 2012).

57.     Beyond Rule 19, the claims against the Distributor Defendants are also misjoined under Rule 20, which provides a distinct basis for severance.   Rule 21 permits severance of claims against non-diverse defendants that do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as the claims against other defendants.   Fed. R. Civ. P. 20(a)(1)(A); *see Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP*, No. Civ.A. 02-2435-CM, 2003 WL 21313957, at *5 (D. Kan. May 23, 2003).   Courts have repeatedly severed claims against non-diverse defendants and denied remand as to diverse defendants where, as here, the claims against the non-diverse defendants were separate and distinct, and arose from different transactions or occurrences.   *See, e.g.*, *Loeffelbein*, 2003 WL 21313957, at *6; *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 683-84 (D. Nev. 2004); *Westley v. Progressive Specialty Ins. Co.*, No. 14-1410, 2014 WL 4489620, at

10

*6-7 (E.D. La. Sept. 10, 2014); *Anderson v. State Farm Mut. Auto. Ins. Co.*, No. 4:08CV345-RH/WCS, 2008 WL 11366408, at *3 (N.D. Fla. Nov. 10, 2008); *DirecTV, Inc. v. Beecher*, 296 F. Supp. 2d 937, 945 (S.D. Ind. 2003); *Randleel v. Pizza Hut of Am., Inc.*, 182 F.R.D. 542, 543 (N.D. Ill. 1998).

58.     Severance is particularly appropriate here because it will enable the diverse parties to benefit from the significant efficiencies stemming from participation in coordinated MDL proceedings in this Court.   *See* Exhibit 1.   This Court and others have recognized the importance of these efficiencies in severing non-diverse defendants to perfect diversity jurisdiction.   *E.g.*, *Baxter*, 614 F. Supp. 2d at 873; *Mayfield*, 2015 WL 3440492, at *5; *Sullivan*, 117 F. Supp. 3d at 707; *Cooke-Bates*, 2010 WL 3984830, at *4; *Sutton*, 251 F.R.D. at 505.

59.     While the Complaint makes vague allegations on "information and belief" that the Manufacturer Defendants and Distributor Defendants somehow "worked together" (Compl. ¶ 223) and "coordinat[ed] in their lobbying" (*id.* ¶ 227), these conclusory allegations are too thin a reed on which to establish proper joinder, particularly where the core allegations purportedly giving rise to liability are materially distinct.   Any alleged liability of the Manufacturer Defendants is neither dependent upon, nor intertwined with, any alleged liability of the Distributor Defendants, and vice versa.   Resolution of the materially distinct claims against one set of Defendants plainly would not resolve the claims against the other set, and any alleged tangential connection between these disparate sets of claims cannot overcome the efficiencies gained from participation in the MDL. *See, e.g.*, *Baxter*, 614 F. Supp. 2d at 872; *Sullivan*, 117 F. Supp. 3d at 706.

### 2.      The Distributor Defendants Are Fraudulently Misjoined

60.     The citizenship of the Distributor Defendants alternatively should be ignored because the claims against them are fraudulently misjoined.   "Fraudulent misjoinder occurs when

a plaintiff attempts to defeat removal by misjoining the unrelated claims of non-diverse party plaintiffs against a defendant, or . . . by misjoining unrelated claims of a plaintiff against non-diverse party defendants."  *Baxter*, 614 F. Supp. 2d at 874 (quoting *Geffen v. Gen. Elec. Co.*, 575 F. Supp. 2d 865, 869-72 (N.D. Ohio 2008)); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on another ground in Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

61.     In opioid-related cases like this one, federal district courts recently relied on the fraudulent misjoinder doctrine to ignore the citizenship of non-diverse defendants and deny remand based on diversity jurisdiction.  *See Cty. Comm'n of McDowell Cty. v. McKesson Corp.*, 263 F. Supp. 3d 639, 647 (S.D. W. Va. 2017); *City of Huntington v. AmerisourceBergen Drug Corp.*, Civ. A. No. 3:17-01362, 2017 WL 3317300, at *4-5 (S.D. W. Va. Aug. 3, 2017).

62.     To be sure, the Sixth Circuit has not yet adopted the fraudulent misjoinder doctrine, and some decisions from the Northern District of Ohio have declined to apply the doctrine. *Baxter*, 614 F. Supp. 2d at 874; *Geffen*, 575 F. Supp. 2d at 871; *Rodriguez v. Tyco Healthcare Grp., LP*, No. 1:08 GD 50327, 2008 WL 4683294, at *2 (N.D. Ohio Oct. 21, 2008).

63.     Nevertheless, at least one other court within the Sixth Circuit has applied the doctrine.  *Asher v. Minn. Mining & Mfg. Co.*, No. Civ.A. 04-CV-522, 2005 WL 1593941, at *7-8 (E.D. Ky. June 30, 2005).   Even if the Court finds that the Distributor Defendants are not subject to severance under Rule 21, it should find the claims against them misjoined under the procedural misjoinder doctrine.

64.     In sum, because Plaintiffs are Ohio citizens, and because none of the properly joined defendants is an Ohio citizen, there is complete diversity of citizenship.  *See* 28 U.S.C. § 1332(a).

## II.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

65.   "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."   *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

66.   Plaintiffs allege that Summit County has spent "roughly $66 million on costs tied to the opioid crisis," and they predict that the County will spend another $89 million over the next five years, "representing a total cost to the County of $155 million over the ten year period." (Compl. ¶ 19; *see also id.* ¶ 281.)   Plaintiffs also allege that Summit County has spent more than $30 million "for costs associated with increased drug crimes" (*id.* ¶ 282), nearly $24 million for costs incurred by its Child Services Board (*id.* ¶ 284), and more than $10 million for drug treatment programs "related directly to the opioid epidemic" (*id.* ¶ 284-285).   Plaintiffs seek compensatory damages, treble damages, and punitive damages.   (*Id.* Prayer for Relief ¶¶ J-L.)   It is thus clear that the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.   ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### A.   This Notice of Removal Is Timely

67.   This Notice of Removal is timely filed.   Endo Health Solutions Inc. received the Complaint through service on December 26, 2017, and Endo Pharmaceuticals Inc. received the Complaint through service on December 27, 2017.   Because Endo filed the Notice of Removal on January 22, 2018, removal is timely.   *See* 28 U.S.C. § 1446(b)(1).

### B.   All Properly Joined And Served Defendants Consent to Removal

68.   For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served

must consent to removal.

69.     The following properly joined and served Defendants consent to removal, as indicated by their signing below:   Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; and Insys Therapeutics, Inc.   *See City of Cleveland v. Ameriquest Mort. Sec., Inc.*, 615 F.3d 496, 501 (6th Cir. 2010) (co-defendants may consent to removal by filing a written consent).

70.     The following properly served Defendants have not been properly joined, and thus their consent to removal is not required:   Cardinal; McKesson Corporation; and AmerisourceBergen Drug Corporation.   Nevertheless, they consent to removal.

71.     By filing this Notice of Removal, neither Endo nor any other defendant waives any defense that may be available to them and reserve all such defenses.   If any question arises as to the propriety of the removal to this Court, Endo and the remaining properly joined defendants request the opportunity to present a brief and oral argument in support of their position that this case has been properly removed.

## CONCLUSION

WHEREFORE, Endo hereby removes this action from the Court of Common Pleas,

Summit County, to the United States District Court for the Northern District of Ohio.

DATED:   January 22, 2018

/s/ Carole S. Rendon
Carole S. Rendon (0070345)
Tera N. Coleman (0090544)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
(216) 621-0200
crendon@bakerlaw.com
tcoleman@bakerlaw.com

Ingo W. Sprie, Jr.*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
Ingo.Sprie@apks.com

Sean Morris*
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
Sean.Morris@apks.com

Attorneys for Defendants
ENDO HEALTH SOLUTIONS INC. and ENDO
PHARMACEUTICALS INC.
*denotes national counsel who will seek pro hac
vice admission

**WRITTEN CONSENT OF OTHER DEFENDANTS**

Consent to removal on behalf of Defendants PURDUE PHARMA L.P., PURDUE PHARMA INC., and THE PURDUE FREDERICK COMPANY INC.:

 /s/ Daniel J. Buckley
Daniel J. Buckley (3772)
VORYS, SATER, SEYMOUR and PEASE LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202
(513) 723-4002
djbuckley@vorys.com

Patrick J. Fitzgerald*
R. Ryan Stoll*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
(212) 735-3000
patrick.fitzgerald@skadden.com
ryan.stoll@skadden.com

-and-

155 North Wacker Drive
Chicago, IL 60606
(312) 407-0700
*denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendants
TEVA PHARMACEUTICALS USA, INC. and
CEPHALON, INC.:

/s/ Wendy West Feinstein
Wendy West Feinstein (0064973)
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA 15219-6401
(412) 560-7455
wendy.feinstein@morganlewis.com

Tinos Diamantatos*
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601-5094
(312) 324-1145
tinos.diamantatos@morganlewis.com

Steven A. Reed*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
steven.reed@morganlewis.com

Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL   33131-2339
brian.ercole@morganlewis.com
* denotes national counsel who will seek pro hac
vice admission

17

Consent to removal on behalf of Defendants
JOHNSON & JOHNSON, JANSSEN
PHARMACEUTICALS, INC.,
ORTHO-MCNEIL-JANSSEN
PHARMACEUTICALS, INC. N/K/A JANSSEN
PHARMACEUTICALS, INC., and JANSSEN
PHARMACEUTICA, INC. N/K/A JANSSEN
PHARMACEUTICALS, Inc.:

 /s/ Justin E. Rice
John Q. Lewis (0067235)
Justin E. Rice (0080587)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone: (216) 592-5000
Facsimile: (216) 592-5009
john.lewis@tuckerellis.com

Charles C. Lifland*
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
(213) 430-6000
clifland@omm.com
*denotes national counsel who will seek pro hac vice admission

18

Consent to removal on behalf of Defendant
INSYS THERAPEUTICS, INC.:

/s/ Eric H. Zagrans
Eric H. Zagrans   (0013108)
ZAGRANS LAW FIRM LLC
6100 Oak Tree Boulevard, Suite 200
Cleveland, Ohio 44131
(216) 771-1000   (telephone)
(866) 261-2008   (facsimile)
eric@zagrans.com (e-mail)

J. Matthew Donohue* (Trial Attorney)
Joseph L. Franco*
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300
Facsimile: 503.241.8014
matt.donohue@hklaw.com
joe.franco@hklaw.com
*denotes national counsel who will seek pro hac vice admission


Consent to removal on behalf of Defendant
MCKESSON CORPORATION:

/s/ Vincent I. Holzhall
Vincent I. Holzhall (0074901)
STEPTOE & JOHNSON PLLC
41 South High Street, Suite 2200
Columbus, OH 43215
Telephone: (614) 221-5100
Facsimile: (614) 221-0952
vince.holzhall@steptoe-johnson.com

19

Consent to removal on behalf of Defendant
CARDINAL HEALTH, INC.:

/s/ James B. Hadden
James B. Hadden (0059315)
Joseph F. Murray (0063373)
Brian K. Murphy (0070654)
MURRAY, MURPHY, MOUL & BASIL
1114 Dublin Road
Columbus, OH 43215
614-488-0400
hadden@mmmb.com
murray@mmmb.com
murphy@mmmb.com

Consent to removal on behalf of Defendant
AMERISOURCEBERGEN DRUG
CORPORATION:

 /s/ Mark W. Bernlohr
Mark W. Bernlohr #0038640
Sandra K. Zerrusen #0070883
Aaron E. McQueen #0068753
Andrew N. Schock #0087998
JACKSON KELLY PLLC
50 South Main Street, Suite 201
Akron, OH 44308
Phone:   (330) 252-9060
Facsimile:   (330) 252-9078
mwbernlohr@jacksonkelly.com
skzerrusen@jacksonkelly.com
aaron.mcqueen@jacksonkelly.com
anschock@jacksonkelly.com

Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
(215) 851-8100
rnicholas@reedsmith.com
smcclure@reedsmith.com

Alvin L. Emch
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV 25322
(304) 340-1000
aemch@jacksonkelly.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing is being served upon the following by regular United States mail, postage prepaid:

**Linda Singer**
MOTLEY RICE, LLC
401 9th Street NW, Suite 1001
Washington, DC 20004

**Lisa Saltzburg**
MOTLEY RICE, LLC
28 Bridgeside Blvd.
Mount Pleasant, South Carolina 29464

**Donald W. Davis, Jr.**
**Adam D. Fuller**
**Elizabeth Shively Boatwright**
BRENNAN, MANNA & DIAMOND, LLC
75 East Market Street
Akron, OH 44308

*Counsel for Plaintiffs*

**Daniel J. Buckley**
VORYS, SATER, SEYMOUR and PEASE
LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202

**Patrick J. Fitzgerald**
**R. Ryan Stoll**
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
4 Times Square
New York, NY 10036

*Attorneys for Defendant Purdue Pharma
L.P., Purdue Pharma Inc., and The Purdue
Frederick Company Inc.*

**Wendy West Feinstein**
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA 15219-6401

**Tinos Diamantatos**
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601-5094

**Steven A. Reed**
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103

**Brian M. Ercole**
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL   33131-2339

*Attorneys for Defendants Teva
Pharmaceuticals USA, Inc. and Cephalon,
Inc.*

**John Q. Lewis**
**Justin E. Rice**
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213

Charles C. Lifland
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071

*Attorneys for Defendants Johnson &
Johnson, Janssen Pharmaceuticals, Inc.,
Ortho-Mcneil-Janssen Pharmaceuticals, Inc.
N/K/A Janssen Pharmaceuticals, Inc., and
Janssen Pharmaceutica, Inc. N/K/A Janssen
Pharmaceuticals, Inc.*

**Eric H. Zagrans**
ZAGRANS LAW FIRM LLC
6100 Oak Tree Boulevard, Suite 200
Cleveland, Ohio 44131

**J. Matthew Donohue**
**Joseph L. Franco**
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204

*Attorneys for Defendant Insys Therapeutics, Inc.*

**Vincent I. Holzhall**
STEPTOE & JOHNSON PLLC
41 South High Street, Suite 2200
Columbus, OH 43215

*Attorney for Defendant McKesson Corporation*

**James B. Hadden**
**Joseph F. Murray**
**Brian K. Murphy**
MURRAY, MURPHY, MOUL & BASIL
1114 Dublin Road
Columbus, OH 43215

*Attorneys for Defendant Cardinal Health, Inc.*

**Mark W. Bernlohr**
**Sandra K. Zerrusen**
**Aaron E. McQueen**
**Andrew N. Schock**
JACKSON KELLY PLLC
50 South Main Street, Suite 201
Akron, OH 44308

**Robert A. Nicholas**
**Shannon E. McClure**
REED SMITH LLP
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
**Alvin L. Emch**
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV 25322

*Attorneys for Defendant AmerisourceBergen Drug Corporation*

DATED:   January 22, 2018

/s/ Carole S. Rendon
*One of the Attorneys for Defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc.*